the act itself, but the right to bring such proceedings against the licensees has several times been affirmed by the Supreme Court. *Swarth v. People ex rel. Paxton,* 109 Ill. 621; *Martens v. People ex rel. Searle,* 186 Ill. 314; *People v. Heidelberg Garden Co.,* 233 Ill. 290. But by the same section the right is also given to proceed directly against the corporation whenever the corporation is exercising powers not conferred by law. This being true, we do not think the mere fact that each individual licensee may be required to prove his right to use the license granted to him precludes the State from challenging the right of the City to issue such licenses.

For the reasons stated, we are of the opinion that the Circuit Court erred in sustaining the demurrer and dismissing the information. The judgment will, therefore, be reversed and the cause remanded with directions to overrule the demurrer.

*Reversed and remanded with directions.*

---

### John H. O'Neil, Administrator, Plaintiff in Error, v. Illinois Central Railroad Company, Defendant in Error.

#### Gen. No. 19,224.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 21, 1914. Rehearing denied June 3, 1914.

### Statement of the Case.

Action by John H. O'Neil, administrator of the estate of Rocco Marrone, deceased, against Illinois Central Railroad Company to recover damages for personal injuries sustained by deceased resulting in

his death.  The deceased was employed by defendant to do general work of cleaning up in and about the yards and tracks of defendant, and while so engaged he was struck by a car which was being pushed by a switch engine.  A judgment was entered in favor of defendant upon the verdict of a jury finding defendant not guilty.  To reverse the judgment, plaintiff brings error.

E. W. RICE, for plaintiff in error.

CALHOUN, LYFORD & SHEEAN, for defendant in error; JOHN G. DRENNAN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1.  MASTER AND SERVANT, § 615*—*when ordinance relating to speed of railroad cars inadmissible.*  In an action against a railroad company to recover damages for the death of an employe who was run over by cars which were being pushed by a switch engine at a place in a city where the tracks were depressed below the level of a street at a street crossing, refusal to admit in evidence certain ordinances of the city limiting the rate of speed, *held* not error.

2.  MASTER AND SERVANT, § 795*—*when requested instruction properly refused as assuming negligence as a matter of law.*  In an action against a railroad company to recover for the death of a person employed by the company to do general work about a railroad station, a requested instruction offered by plaintiff which, in effect, told the jury that failure to blow the whistle after the persons in charge of the train had discovered deceased on the track in a position of peril was negligence as a matter of law, *held* properly refused.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.